UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RUIZ ARELLANO,<br>Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL/ICE, et al.,<br>Respondents. | No. 1:26-cv-02577 DAD AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the denial of his request for release on bond during his immigration proceedings. ECF No. 16. Respondents oppose petitioner's request for habeas relief. ECF No. 19. As discussed below, because petitioner has failed to exhaust his administrative remedies by appealing the denial of bond to the Bureau of Immigration Appeals ("BIA"), the court recommends that petitioner's request for habeas relief be DENIED.

I. Factual Background

Petitioner was admitted to the United States as a non-immigrant visitor with a B-2 tourist visa on January 22, 2023, near Brownsville, Texas. ECF 19-1 at 2 (Form I-213); ECF No. 4-1 (Notice to Appear). Petitioner was authorized to remain in the country until July 21, 2023, but overstayed his visa. ECF 19-1 at 2; ECF No. 4-1 at 1. He subsequently married a United States

citizen and financially supports her as well as their combined three children. ECF No. 16 at 2.

On March 12, 2026, petitioner was arrested by the Draper County Police Department and subsequently charged with domestic violence in the presence of a child, a misdemeanor, following a fight with his wife. Id. at 3; ECF No. 19-1 at 2. While he was incarcerated, the Department of Homeland Security ("DHS") and Immigration Customs Enforcement ("ICE") issued a warrant for petitioner's arrest and lodged a detainer. ECF No. 19-1-2. Petitioner was taken into custody by ICE on March 13, 2026. ECF No. 19-1 at 2; ECF No. 4-1.

A Notice of Custody Determination, dated March 13, 2026, reflects that petitioner was read the contents of the notice of detention in Spanish but petitioner refused to sign the acknowledgment or indicate on the check-box form whether he requested that an immigration judge ("IJ") review his initial custody determination. ECF No. 19-3 at 1. A Notice to Appear charging petitioner with being removable pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") for "remaining in the United States for a time longer than permitted" was also issued on the same date. ECF No. 4-1 at 1. Petitioner is currently incarcerated at the California City Detention Center. ECF No. 16 at 7.

II. Procedural History

On April 2, 2026, petitioner filed a pro se petition for writ of habeas corpus. ECF No. 1. On April 10, 2026, the government moved to dismiss the petition because petitioner failed to name his immediate custodian as a respondent, and petitioner had failed to exhaust his administrative remedies by first seeking a bond redetermination hearing. ECF No. 4 ("Motion to Dismiss Petitioner's Writ of Habeas Corpus for All Respondents Other Than Petitioner's Immediate Custodian").

With assistance of legal counsel, petitioner subsequently filed a motion for bond re-determination. ECF No. 4-4. A Notice of Custody Redetermination Hearing was issued on April 7, 2026. ECF No. 4-2. A virtual bond hearing was conducted on April 16, 2026, at which the IJ noted that petitioner had the burden of proving that he was not a risk or danger to the community. ECF No. 16-6 (IJ Order Denying Bond). The IJ denied bond, finding that petitioner had not met his burden of showing that he was not a danger to the community due to his recent arrest for

domestic violence and resulting criminal charges in state court. Id. Although petitioner had until May 18, 2026 to appeal the outcome of the bond hearing to the BIA, petitioner elected not to do so based on the advice of his immigration counsel. Id., ECF No. 16-4 (Pitt White Decl.).

In the amended habeas petition, petitioner is solely challenging "respondents' decision to deny him bond." ECF No. 16 at 6.[1] As a threshold matter, petitioner alleges that exhaustion of his administrative remedies by appealing the denial of bond to the BIA is a prudential rather than jurisdictional requirement. Specifically, petitioner argues that exhaustion "would be futile" because petitioner had been in custody for more than two and a half months and "requiring exhaustion will extend that detention even more" and "review of a detention decision that is not quickly available is not a meaningful remedy at all." Id. at 22. Additionally, "the administrative appeal is futile because he will almost certainly have a decision on the merits of his removal case before the BIA rules on his appeal." Id. Petitioner also submitted a declaration from his immigration counsel opining that because there is no reasonable likelihood that the BIA would rule on his bond appeal before a decision is made on the merits of his removal case, in her judgment an appeal to the BIA to challenge the IJ's bond ruling would be futile. ECF No. 16-4 (Pitt White Decl.). Accordingly, petitioner argues the exhaustion requirement should be excused.

With respect to the merits of the habeas petition, petitioner's first claim alleges that ICE failed to make an initial custody determination at all. ECF No. 16 at 11.[2] Petitioner's second through fourth claims relate to the burden of proof during his April 2026 custody redetermination hearing. Petitioner alleges "the INA does not allow immigration officials to place a burden on

---

[1] Petitioner's amended petition also named his immediate custodian, Christopher Chestnut, Warden of the California City Detention Center, as a respondent. ECF No. 16 at 8. Because petitioner's amended petition rectified the omission in his pro se habeas petition and petitioner also sought a bond reconsideration hearing, the undersigned recommends denying respondents' April 8, 2026 motion to dismiss (ECF No. 4) as moot.

[2] In his reply brief, however, petitioner subsequently acknowledged that records provided by respondents reflect that an initial custody determination *was* made although he argues "the documents [respondent] provides do not really establish at ICE officers discharged their duties correctly." ECF No. 21 at 2-3. Petitioner argues that respondents failed to fulfill all procedural requirements because even if petitioner refused to sign Notice of Custody Determination form, ICE agents should have checked the box on petitioner's behalf reflecting whether he wanted to seek review by an IJ. Id. at 3.

noncitizens to prove by clear and convincing evidence that he is not a risk of danger." Id. at 12. Additionally, petitioner alleges that "due process requires a hearing at which *the government* has the burden of proving he is a danger to the community by clear and convincing evidence" although "inasmuch as this argument appears to be foreclosed by circuit precedent, he raises it only to preserve it for further appeal." Id. at 14 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210 (9th Cir. 2022)). Fourth, petitioner argues that the immigration court violated the Equal Protection Clause by placing the burden of proof on petitioner. Id. at 14-15.

Finally, petitioner alleges due process violations based upon (1) lack of notice of his initial custody determination; (2) delay in providing a post-deprivation hearing; (3) denial of a requested continuance during the hearing; (4) denial of a request for petitioner's wife to testify during his bond hearing; (5) reliance on petitioner's pending criminal charges as evidence of dangerousness; (6) failure to assess whether risk of dangerousness was manageable with conditions; and (7) lack of a neutral decision-maker. Id. at 16-22.

Respondents contend that petitioner's bond hearing and appeal process were constitutionally adequate and that petitioner was afforded the process that was due. ECF No. 19 at 2-3. Respondents point out that under binding Ninth Circuit precedent, the burden in custody redetermination hearings is on petitioner to demonstrate he is not a danger or a flight risk. Id. at 3 (citing Hernandez v. Sessions, 872 F.3d 976, 982 (9th Cir. 2017)). To the extent that petitioner invokes the burden-shifting framework of Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011) in his brief, that case "was expressly premised on the (now incorrect) assumption that these [bond] hearings were statutorily authorized." Rodriguez Diaz v, 53 F.4th at 1196. The Ninth Circuit's decision in Rodriguez Diaz upheld the burden of proof placed on the alien in bond hearings, recognized that § 1226(a) "offers substantial procedural protections," and that Singh addressed "different statutory provisions" than what is applicable here. Id. at 1193, 1196. Respondents assert that the court should not ignore these binding Ninth Circuit decisions which clearly reflect that the IJ did not err by placing the burden on petitioner during his § 1226(a) bond proceeding. Id. at 3. More importantly, to the extent the IJ may have erred in her decision, "those are issues that are properly reviewed by the BIA, but petitioner did not exercise his right to appeal." Id. at

3. Respondents argue that it would not be proper for the court to step into the shoes of the BIA and consider petitioner's many disagreements with the IJ's decision-making in the first instance, when petitioner elected not to exhaust his administrative remedies. Id. at 4-5 (citing Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011)).

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

The parties agree that petitioner is detained under 8 U.S.C. § 1226(a) and that he had a custody redetermination hearing in April 2026. If an individual is "dissatisfied with the IJ's bond determination, they may file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" Leonardo, 646 F.3d at 1160 (alteration in original) (quoting Prieto-Romero v. Clark, 534 F.3d 1053, 1059 (9th Cir. 2008)). The threshold issue, therefore, is whether petitioner is required to exhaust his administrative remedies by appealing the adverse bond determination to the BIA before seeking habeas review in this court.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh, 638 F.3d at 1203 n.3).

> Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a

district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo, 646 F.3d at 1160. Exhaustion can be excused where "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting SEC v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)).

In considering the Puga factors, the undersigned finds that although agency expertise is not necessarily *required* to reach a proper decision, petitioner has raised many arguments about alleged "procedural defects" in his bond hearing that are precisely the type of alleged errors that the BIA should have an opportunity to review in the first instance. ECF No. 16 at 16-22. For example, petitioner argues the IJ erred by denying petitioner's requested continuance to submit additional evidence, declining petitioner's wife an opportunity to testify during the bond hearing, and in weighing the evidence. Id. The first Puga factor weighs in favor of requiring exhaustion.

The second Puga factor also weighs in favor of requiring exhaustion in this case, as relaxing the exhaustion requirement would certainly encourage bypassing administrative remedies. Petitioner argues that exhaustion "would be futile" because petitioner had been in custody for more than two and a half months and "requiring exhaustion will extend that detention even more" and "review of a detention decision that is not quickly available is not a meaningful remedy at all." ECF No. 16 at 22. Additionally, petitioner arguers "the administrative appeal is futile because he will almost certainly have a decision on the merits of his removal case before the BIA rules on his appeal." Id. Without more, the court finds that petitioner fails to adequately explain how an appeal to the BIA is inadequate or futile. To the extent petitioner argues that having to appeal to the BIA will further prolong his detention, the same could be said for any individual appealing a bond denial, and excusing exhaustion on that basis would cause the exception to swallow the rule. There is also no indication in the record that the agency would be unlikely to correct its own mistakes in the present circumstances. See Resendiz v. Holder, No. 12-cv-4850 WHA, 2012 WL 5451162, at *5 (N.D. Cal. Nov. 7, 2012) ("Allowing those who argue procedural errors in their custody or bond determinations to bypass the administrative

process would disrupt the agency's autonomy and result in unnecessary judicial review of unexhausted claims."); Aden v. Nielsen, No. 18-cv-1441 RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7. 2019) ("[T]he BIA is capable of re-assessing the evidence and determining whether the government has carried its burden of demonstrating by clear and convincing evidence that Mr. Aden is a current danger and must be detained." (citing Morgan v. Gonzales, 495 F.3d 1084, 1090 n.2 (9th Cir. 2007))).

Accordingly, the Puga factors in this case weigh in favor of requiring exhaustion. The undersigned finds that, like the noncitizen in Leonardo, petitioner is seeking "habeas review of the IJ's adverse bond determination before appealing to the BIA," and "[t]his shortcut [is] improper." 646 F.3d at 1160. See also Rojas–Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) (a petitioner "must exhaust administrative remedies before raising . . . constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"). Because the undersigned finds that exhaustion of administrative remedies is required in this case and that petitioner has failed to establish any valid exception to the exhaustion requirement, the court declines to reach the merits of petitioner's habeas claims.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 16) be DENIED without prejudice;

2. Respondents' motion to dismiss all respondents other than petitioner's immediate custodian (ECF No. 4) be DENIED as MOOT, and

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local

Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE